STATE, ex rel. CUNNINGHAM, Plaintiff-Relator, v. EAST LIVERPOOL CIVIL SERVICE COMMISSION, Defendants-Respondents.

Ohio Appeals, Seventh District, Columbiana County.

No. 747. Decided February 21, 1957.

S. S. Fekett, Youngstown, for plaintiff-relator.

Joseph W. C. Cooper, City Solicitor, East Liverpool, for defendants-respondents.

## OPINION

Per CURIAM.

This is an action in mandamus seeking an order to compel "defendants to allow said relator-plaintiff to file an application for the civil service promotional examination for the office of captain of the Police Department of the City of East Liverpool, Ohio, scheduled for

August 21, 1956, that respondents-defendants be required to include relator-plaintiff's name on the eligible list and further prays that said defendants be ordered to grant plaintiff the right to compete in said examination."

The matter was submitted to us on stipulated and agreed facts as follows:—

"1. Plaintiff-relator has been appointed, qualified and acted as a police officer in the Police Department in the City of East Liverpool, Ohio, since March 4, 1950, that said appointment has been made from an eligible list duly certified by the Civil Service Commission of the City of East Liverpool, Ohio.

"2. On the 23rd day of March, 1956, plaintiff-relator, Ira Cunningham, received the following letter:

" 'Order of Suspension.

" 'Whereas, certain charges of breaking and entering have been filed in Municipal Court in the City of East Liverpool by the Chief of Police of this city against Ira W. Cunningham affecting his efficiency and honesty, said charges constituting acts of malfeasance in office, and whereas said charges are still pending.

" 'It is hereby ordered that Ira W. Cunningham is hereby suspended without pay from his duties as patrolman of the Police Department of the City of East Liverpool until said charges are disposed of.

" 'This order is made under authority of §143.26 R. C., and is effective on the date hereof.

William C. Heasley<br>Director of Service & Safety.

Dated March 23, 1956.'

"3. On March 27, 1956, Plaintiff-Relator, Ira Cunningham, filed with the Safety Director the following letter:

" 'March 27, 1956

" 'Mr. William Heasley

" 'Director of Public Safety

" 'City Building,

" 'East Liverpool, Ohio

" 'Sir:

" 'Replying to the order of suspension issued against me, I am not guilty of the charges and fully believe I will be vindicated of said charges.

Ira Cunningham.'

"4. It is further stipulated and agreed that on or about March, 1956, the office of Chief of Police in the Police Department of the City of East Liverpool, Ohio, became vacant.

"5. It is further stipulated and agreed that on or about March, 1956, plaintiff-relator, Ira Cunningham, was charged with the crime of breaking and entering.

"6. It is further stipulated and agreed that as a result of said charges plaintiff-relator, Ira Cunningham, was indicted for breaking and entering on or about April, 1956.

"7. It is further stipulated and agreed that plaintiff-relator, Ira Cunningham, has been acquitted by a Petit Jury on one of the indict-

ments against him, that the other indictments are still pending in the Common Pleas Court of Columbiana County, Ohio.

"8. A list of purported eligible police officers was published, that said list omitted the name of plaintiff-relator, Ira Cunningham, that said list purported to indicate the names of police officers eligible to submit to the promotional examination, that said examination was tentatively scheduled for August 21, 1956.

"9. It is further stipulated and agreed that plaintiff-relator, Ira Cunningham, notified and demanded that his name appear on the list of the police officers eligible for the promotional examination, that as a result of said request and demand the following letter was received from the Civil Service Commission of East Liverpool, Ohio:

" 'August 4, 1956

" 'Mr. Ira W. Cunningham
" '703 Riley Avenue,
" 'East Liverpool, Ohio.
" 'Subject: Promotional Examinations for Police Chief and Captain
" 'Dear Sir:

" 'In reply to your letter of Aug. 3, 1956 please be advised that this Commission is complying with the City Solicitor's opinion that you are ineligible to compete in the above examinations to be conducted Aug. 16 and 21, 1956. This opinion states that your suspended status also includes suspension of all rights to compete in promotional examinations.

Yours very truly,
Civil Service Commission
By: R. G. Borger, Secretary.'

"10. It is further stipulated and agreed that the examinations were postponed indefinitely and that said examinations have not been held as of the date of this brief.

"11. It is further stipulated and agreed that Ira Cunningham never did make an appeal to the Civil Service Commission of the City of East Liverpool, Ohio, and therefore no hearing was granted to said Ira Cunningham.

"12. It is further stipulated and agreed that the letters set forth in Stipulations 2 and 3 were duly certified to the Civil Service Commission.

"13. It is further stipulated and agreed that the Civil Service Commission of East Liverpool had adopted a set of rules and regulations among which is the following:

"Rule XII. 2. Hearings on appeal from persons reduced in pay or position, laid off, suspended, or discriminated against by appointing officers, shall be conducted generally in the same manner as hearings on appeal from orders of dismissal under the provisions of §486-17a GC (now §143.27 R. C.)

"and this rule was in full force and effect during the periods mentioned in the stipulations and is still in full force and effect."

Notwithstanding that the question presented is and was moot because the date of examination had expired before the appeal was heard we will proceed to determine that question as though the petition sought

to compel the respondent commission to permit relator to take such examination whenever set by such commission.

Relator contends:—

"* * * that the Civil Service Commission has not conducted a hearing and therefore has not made its finding and further therefore, making it meaningless for the plaintiff-relator, Ira Cunningham, to file an appeal to the court of common pleas. We submit that there is no order from which the appeal could be perfected."

Respondents contend:—

"1. That inasmuch as the relator, Ira Cunningham, never made any appeal or request for hearing to the Civil Service Commission that he has not availed himself of the right of objection and therefore his suspension is valid, in force and effect, and he has no right to take a promotional examination.

"2. That relator has brought an action asking for a writ of mandamus and that the writ of mandamus is not available to him inasmuch as he has an adequate remedy in the ordinary course of the law."

Relator was suspended under authority of §143.26 R. C., which provides:—

"No person shall be reduced in pay or position, laid off, suspended, discharged, or otherwise discriminated against by an appointing officer for religious or political reasons or affiliations. No chief of police or chief of a fire department or any member of a police or fire department shall be reduced in rank, laid off, or suspended, except as provided in §§143.27 and 143.28 R. C., with reference to the removal of any officer or employee in the classified service of the state, counties, cities, and city school districts. In all such cases of reduction, layoff, or suspension of an employee, whether appointed for a definite term or otherwise, the appointing authority shall furnish such employee with a copy of the order of layoff, reduction, or suspension, and his reasons for the same, and give such employee a reasonable time in which to make and file an explanation. Such order together with the explanation, if any, of the employee shall be filed with the commission. In case the order applies to the chief of police or chief of a fire department or any member of a police or fire department of a city, the commission shall conduct a hearing following the filing of the order and explanation, to determine the sufficiency of the cause of the order. Secs. 143.01 to 143.48, inclusive, R. C., do not limit the power of an appointing officer to suspend without pay, for purposes of discipline, an employee for a reasonable period, not exceeding thirty days, excepting that in the case of the chief of police or chief of a fire department or any member of a police or fire department of a city, the suspension shall be made in the manner and subject to the right of appeal as provided in this section. Successive suspensions shall not be allowed, and this section does not apply to temporary and exceptional appointments made under the authority of §143.23 R. C."

Answering respondents' second contention first we conclude that relator must be denied a writ of mandamus because he had an adequate remedy at law, to-wit the right of appeal to the Civil Service Commission of the City of East Liverpool, Ohio, which he failed to pursue.

"The writ of mandamus must not be issued when there is a plain

352

and adequate remedy in the ordinary course of the law." Sec. 2731.05 R. C.

See State, ex rel. Harris, Chief of Police, v. Haynes, Mayor, et al, 157 Oh St 214.

This conclusion obviates the necessity of passing upon respondents' first contention.

Writ denied.

NICHOLS, PJ, GRIFFITH and PHILLIPS, JJ, concur.